IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

-------------------------------------------------------------------
SHELITA KING, individually and on behalf
of all others similarly situated,

                 Plaintiff,

-against-

KOTTEMANN LAW FIRM and STANLEY
KOTTEMANN, JR.

                 Defendant.
-------------------------------------------------------------------

Civil Action No.:

**CLASS ACTION COMPLAINT**

Plaintiff, SHELITA KING (hereinafter, "Plaintiff"), a Louisiana resident, brings this Class Action Complaint by and through the undersigned attorneys against Defendants KOTTEMANN LAW FIRM and STANLEY KOTTMAN, JR. (hereinafter, "Defendants") individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action on behalf of a class of Louisiana consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of Louisiana and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant Kotteman Law Firm is a law firm with its principal office located at 3800 Florida Avenue, Suite 201, Kenner, Louisiana 70065 and its registered office located at 3905 Cleary Avenue, Metairie, Louisiana 70002.

9. Upon information and belief, Defendant Kotteman Law Firm is a company that uses the

mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Defendant Stanley Kottemann, Jr. is an attorney who is employed by Kotteman Law Firm.

11. Upon information and belief, Defendant Stanley Kotteman Jr., regurlarly collects debts on behalf of another.

12. Defendants are "debt collectors," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to June 5, 2019, an obligation was allegedly incurred to BATON ROUGE CARDIOLOGY.

15. The BATON ROUGE CARDIOLOGY obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged BATON ROUGE CARDIOLOGY obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. BATON ROUGE CARDIOLOGY is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. At some point, BATON ROUGE CARDIOLOGY or a purchaser, assignee, or subsequent creditor contracted the Defendant to collect the alleged debt.

19. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes

on behalf of creditors.

20. On or about June 5, 2019, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding the alleged consumer debt. *See* **Exhibit A.**

21. Upon information and belief, the Letter was the first communication from the Defendant to the Plaintiff with regards to the alleged consumer debt.

22. Sometime after June 5, 2019, Plaintiff received the letter and read it.

23. The Letter states in part:

    "Total Amount Owed: $871.00"

24. The Letter states the 30-day validation notice as follows:

    "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid."

25. The Letter further states:

    "If the amount owed is not paid with in 30 days then the amount due will be owed plus reasonable attorney fees of 25% of principal and interest.

26. Upon information and belief, the Letter was reviewed and signed by Stanely C. Kotteman, Jr. Attorney at Law.

27. Plaintiff, as would any least sophisticated consumer, read the above statements and was led to believe that if she did not pay the debt with in 30 days from the date of the letter (June 5, 2019), she will be obligated to pay 25% in attorney fees.

28. Pursuant to the FDCPA, any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

29. By stating that Plaintiff had 30 days from date of the letter to pay or risk having to pay an

additional 25% in fees, Defendants shortened Plaintiff's validation period of 30 days from receipt of the letter and overshadowed her rights.

30. Upon information and belief, Defendants are not entitled to charge attorney fees of 25% of principal and interest, as there existed no agreement or law that entitled Defendant to charge 25%.

31. Additionally, it is unreasonable for Defendants to charge $217.75 merely for sending a template collection letter and waiting 30 days.

32. As a result of the Defendants' violations of the FDCPA, the Plaintiff was harmed. Plaintiff was harmed by being subjected to deceptive and misleading collection practices, from which she had a substantive right to be free, by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, would make payment decisions that she may not have had she be given only truthful information, and by being deprived of information to which she was statutorily entitled to receive.

33. The letter further states:

    "BATON ROUGE CARDIOLOGY is the original creditor for this debt."

34. While Defendant disclosed the "original creditor" of the debt, Defendant failed to notify Plaintiff as to who the current creditor is.

35. The term "original creditor" implies that there is a different current creditor.

36. Pursuant to 15 U.S.C. §1692g of the FDCPA, a debt collector must within five days of the initial communication notify the consumer as to who the current creditor is.

37. By failing to do so, Defendant violated the FDCPA and harmed the Plaintiff by failing to provide her with the information she was legally entitled to.

38. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

39. Plaintiffs bring this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

    a. Class A consists of (a) all individuals nationwide (b) to whom Defendant (c) sent an initial collection letter attempting to collect a consumer debt (d) containing language following the validation notice "If the amount owed is not paid with in 30 days then the amount due will be owed plus reasonable attorney fees of 25% of principal and interest" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

    b. Class B consists of (a) all individuals nationwide (b) to whom Defendant (c) sent an initial collection letter attempting to collect a consumer debt owed to Baton Rouge Cardiology (d) containing language following the validation notice "If the amount owed is not paid with in 30 days then the amount due will be owed plus reasonable attorney fees of 25% of principal and interest" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

    c. Class C consists of (a) all individuals nationwide (b) to whom Defendant (c) sent an initial collection letter attempting to collect a consumer debt owed (d) that failed to state who the current creditor to whom the debt was allegedly owed is (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

40. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect debts.

41. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

42. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibits A,* violate 15 U.S.C. §§ 1692e, 1692f and/or 1692g.

43. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

44. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

45. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to

all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, 1692f and/or 1692g.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

46. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

47. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

50. Pursuant to Section 15 U.S.C. §1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51. The Defendant violated said provision by:

   a. Falsely representing the amount of the debt in violation of 15 U.S.C. §1692e(2);

   b. Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   c. Using false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. §1692e(10).

52. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

55. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

56. Defendant violated said section by:

- Attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f(1).

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

60. The Defendant violated said section by:

    - Failing to clearly identify the current creditor to whom the debt was owed;
    - Overshadowing the validation notice in violation of § 1692g(b).

61. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)　Awarding Plaintiff and the Class statutory damages;

(b)　Awarding Plaintiff and the Class costs of this Action, including reasonable attorneys' fees and expenses;

(c)　Awarding pre-judgment interest and post-judgment interest; and

(d)　Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 5, 2020

By:　/s/ Jonathan Raburn
Jonathan Raburn, Esq.
MCCARTY & RABURN, A Consumer Law Firm PLLC
2931 Ridge Road, Suite 101 #504
Rockwall, TX 75032
Tel: (225) 412-2777
Email: jonathan@geauxlaw.com

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.

**Pro Hac Vice Application to be Filed**
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
YZelman@marcuszelman.com

*Attorneys for Plaintiff*