## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ERICKA BANKS**

**CIVIL ACTION**

**VERSUS**

**NO. 19-375-JWD-EWD**

**KOTTEMAN LAW FIRM, ET AL.**

**AND**

**SHELITA KING**

**CIVIL ACTION**

**VERSUS**

**NO. 20-340-BAJ-EWD**

**KOTTEMAN LAW FIRM, ET AL.**

## RULING AND ORDER

Before the Court is Defendants' **Motion to Transfer and Consolidate (Doc. 9)**. Defendants, Kotteman Law Firm and Stanley Kotteman, seek to consolidate this matter with the action captioned *Banks v. Kotteman Law Firm, et al.*, No. 19-00375-JWD-EWD, under Federal Rule of Civil Procedure 42(a)(2). The Motion is opposed (Doc. 14). For the reasons set forth below, the Defendants' motion is GRANTED.

### I.   BACKGROUND

Civil action 20-00340 ("*King*") and civil action 19-00375 ("*Banks*") are both actions filed on behalf of Louisiana consumers under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Both actions involve the same attorneys, the same Defendants, functionally the same claims, a request for class

1

certification, and call for the same relief.

*Banks* was filed on June 10, 2019. (19-00375, Doc. 1 ("*Banks* Complaint")). *Banks* alleged harms under the FDCPA, "including but not limited to" violations under §§ 1692e, 1682f, and 1692g. *Id.* at ¶¶ 44-57. The *Banks* Complaint called for the certification of two classes. The first proposed class is comprised of all individuals with addresses in Ascension Parish who were sent a debt collection letter by Defendants with the language "if the amount owed is not paid within 30 days then the amount due will be owed plus reasonable attorney fees of 25% of principal and interest." *Id.* at ¶ 35(a). The second proposed class is comprised of all individuals with addresses in Ascension Parish to whom the Defendant sent an initial debt collect letter that failed to identify the current creditor to whom the debt alleged owed was.

*King* was filed on June 5, 2020. The complaint in *King* is essentially identical to the complaint in *Banks*. *King* alleges the same unlawful debt collection practices as *Banks*, under the same statutory provisions and extends the proposed classes to include all individuals nationwide. (20-00340, Doc. 1 ("*King* Complaint"), at ¶¶ 39(a), 39(c)). *King* also proposes an additional class consisting of individuals nationwide to whom Defendants sent a debt collection letter with the "reasonable attorney's fees" language, but only in connection with attempting to collect a consumer debt owed to Baton Rouge Cardiology specifically. *Id.* at ¶ 39(b).

The cases are in slightly different stages. In *Banks*, an entry of default was entered against the Defendants. (19-00375, Doc. 8). However, a motion to set aside the clerk's entry of default in that case is pending with a motion to compel arbitration.

(19-00375, Doc. 16). The *King* action was filed more recently and currently a motion to dismiss is pending in the matter. (Doc. 8).

## II.   LEGAL STANDARD

If actions before the court involve a common question of law or fact, the court may consolidate the actions. Fed. R. Civ. P. 42(a)(2). Consolidation is discretionary. *Varnado v. Leblanc,* No. 3:13-00348-JWD-EWD, 2016 WL 320146, at *2 (M.D. La. Jan. 25, 2016). Consolidation "does not cause one civil action to emerge from two; the actions do not lose their separate identity." *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982). Rather, consolidation "is permitted as a matter of convenience and economy in administration." *Johnson v. Manhattan Ry. Co.*, 2389 U.S. 479, 497 (1933). However, consolidation "may be properly denied in instances where the cases are at different stages of preparedness for trial." *Varnado*, 2016 WL 320146, at *2.

Factors relevant to a determination of consolidation include whether the actions are pending in the same court, the common identity of the parties, the existence of common questions or law or fact, the risk of confusion or prejudice that may result from consolidation, and the extent to which consolidation would promote juridical efficiency. *Id.* (citing *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 U.S. Dist. LEXIS 50103, at *4, 2013 WL 1411773, at *1–2 (W.D. Tex. Apr. 8, 2013)).

## III.   ANALYSIS

Here, the majority of the factors weigh in favor of consolidation. Both actions are pending before the same court, share common defendants, and have overlapping plaintiffs and counsel. Consolidation would conserve judicial resources because much

of the discovery and testimony required in *King* would also be required in *Banks*, should the entry of default be set aside. There is also limited risk of confusion from consolidation, as the issues are largely the same.

Plaintiff opposes consolidation on the basis that the two cases are in different stages of litigation, as Defendant defaulted in *Banks* while *King* was filed relatively recently. Plaintiff also argues that consolidation premature in light of the motion to compel arbitration in *Banks* and the motion to dismiss in *King*. It is important to note that consolidation does not result in "merging the constituent cases into one" but rather enables "more efficient case management while preserving the distinct identities of the cases, and the rights of the separate parties in them." *See Hall v. Hall*, 138 S.Ct. 1118, 1125 (2018). The fact that the cases have slightly different litigation postures and perhaps may require different legal strategies does not outweigh the overwhelming interest in judicial economy that will be achieved by consolidation. Should the entry of default remain in *Banks* or should the motion to compel arbitration be granted in *Banks*, it will not affect the rights and obligations of the parties with respect to *King*. Therefore the motion is not premature, and consolidation is warranted.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Civil Action No. 20-00340 is transferred to Judge John W. deGravelles and Magistrate Judge Erin Wilder-Doomes and consolidated with the lead case, Civil Action No. 19-00375, styled *Ericka Banks v. Kottemann Law Firm, et al.*

Baton Rouge, Louisiana, this 23rd day of November, 2020.

_____
**JOHN W. DEGRAVELLES, JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

_____
**BRIAN A. JACKSON, JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**